Elias Aronson, J.
This is a motion for leave to file a summons and verified complaint nunc pro tunc (pursuant to UCCA, § 411). The action is one for moneys had and received and was commenced by the service of a summons without a complaint or notice of object of action, personally on the defendant on December 17, 1965. Notice of appearance on behalf of the defendant was duly served on plaintiff’s then attorney on December 27, 1965, within the statutory period. However, the court and the Clerk of the court were not aware of this appearance until it showed up in the moving and answering affidavits on the submission and argument of this motion.
Neither the original summons nor the original appearance was filed.
*720 Plaintiff’s then attorney was substituted by his present attorney on or about February, 1967,14 months after service of the summons.
On March 13, 1967, plaintiff’s attorney mailed to the court a copy of a verified complaint with affidavit of service for filing, but filing was properly refused by the Clerk as being in violation of rule 4 of the Uniform City Court Rules promulgated by the Appellate Division, Second Department, in April of 1965. Movant’s counsel was advised of this. Those papers were allowed to remain in the court unfiled and dormant until this motion on the 25th of September, 1967.
No copies of pleadings were appended to the moving papers and reference had to be made to the unfiled complaint and gleaned from the information in the affidavits.
Defendant then for the first time raised the question of failure to prosecute and laches, in his opposing affidavit, but made no cross motion to that effect nor any affirmative prayer for relief therefor.
Despite the delays, it has been universally held that a timely, valid appearance interposed on behalf of a party or defendant constitutes a waiver of a statutory time requirement of filing. The basic rule is that any act evidencing an intent to submit to a given litigation constitutes an appearance and any objections to filing are thereby waived. (See decision in Bevilacqua v. Giambrone, Buffalo City Ct., June 14,1966, Ostbowski, J. See, also, Walsh v. 72 St. East Gorp., 48 Mise 2d 78.)
This, however, does not constitute a waiver of objection to jurisdiction of the court, or the right to move for just cause. Failure to prosecute and laches are defenses to be affirmatively alleged and proved and motions are available to the defendant (under OPLR 3211, UOCA, § 1002 and Uniform City Court Rules, 2d Dept., rule 7) for that purpose after issue is joined.
Prior to April of 1965, summons and proof of service were not required to be filed, and the rule for filing of summonses in the City Court only exists in the Second Department by the Uniform City Court Rules of that Department. A review of the local laws of sister courts, some in the Second and other Departments, avoided necessity of filing summonses, presumably because filing does not enhance or delay proceedings of a cause; and other statutes provide for orderly procedures. As of September 1, 1966, no other Department promulgated special rules for the city courts. (See Second Department White Plains City Court, rule 4; Yonkers City 'Court; Third Department City Court, Troy; See, also, UDCA and Rules.)
*721 In the earlier part of the year 1967, the Third Department set rules for the City Courts, and by its rule No. 6 provided for
A. Mandatory filing of summons in five days and at the same time modified subdivision A by subdivision B — No Mandatory Filing
‘ ‘ The provisions of law applicable to the filing of a summons in an action in the supreme court shall be applicable in this court. ”
The City Court of Albany does not have a rule requiring mandatory filing of the summons.
It is apparent that TICCA section 411 was set up to provide some relief in event that the affidavits of service of process are not received in time to comply with the five-day filing period; and that is the norm in this locale.
To deny this motion would only toll the Statute of Limitations and would not act for or against the merits of the case. The only affirmative effect it would have would be to allow plaintiff to commence de novo and would gain no one anything. In view of that, the motion will be granted. It must be noted that this conclusion is reached by the court solely in the exercise of its discretion and it should not be presumed by itself that the findings here are, will be, or can be construed as precedent-setting in future litigations.
The court has also been informed by defendant’s counsel that he no longer has copies of the summons, complaint or verification. In view of the fact that so long a period of time has expired between the issuance of the original summons and the date of the service and attempted filing of the original complaint, this rings plausible.
Motion granted. Settle order on notice and in accordance with this memorandum filed herein and provide therein for the service of a new copy of the summons and verified complaint on defendant’s attorney and also provide therein for ample time to the defendant to answer thereto.